IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS, | ) ) ) ) |
| Plaintiffs, | ) ) Case No.: |
| v. | ) ) Judge |
| LEO'S HAULING, INC., an Illinois corporation | ) ) Magistrate Judge ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS ("Funds"), by their attorneys, John J. Toomey, of Arnold and Kadjan, LLP complain against Defendant, LEO'S HAULING, INC., an Illinois corporation, as follows:

### JURISDICTION AND VENUE

1. (a) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended.

(b) Venue is founded pursuant to 29 U.S.C. Section 1132(e) (2) in this district, where the Funds as described in Paragraph 2, are administered.

## PARTIES

2. (a) Plaintiffs are the TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS ("Funds") and have standing to sue pursuant to 29 U.S.C. 1132(a)(3).

(b) The SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS have been established pursuant to collective bargaining agreements previously entered into between the International Brotherhood of Teamsters and its affiliated locals ("the Union") and Employers;

(c) The Funds are maintained and administered in this judicial district in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws, and also pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds.

3. (a) LEO'S HAULING, INC., an Illinois corporation, employs employees represented by the Union and is bound to make contributions for weeks worked by all employees and upon subcontractors who perform work which would otherwise be performed by employees.

(b) LEO'S HAULING, INC., an Illinois corporation, has its principal place of business at Aurora, Illinois.

(c) LEO'S HAULING, INC., an Illinois corporation, is an employer engaged in an industry affecting commerce.

4. Effective April 1, 2018, LEO'S HAULING, INC., an Illinois corporation, entered into an Area Wide Material Hauling Agreement with Teamsters 673 which bound it to the terms stated in the Area Construction Agreement that is effective for the period from June 1, 2015 through May 31, 2019, which requires contributions to the Funds pursuant to 29 U.S.C. 1145 (Exhibit A) and which has been subsequently renewed through May 31, 2020.

5. Pursuant to the collective bargaining agreement between LEO'S HAULING, INC., an Illinois corporation, and the Union, LEO'S HAULING, INC., an Illinois corporation, has failed and continues to fail to make its obligated contributions to the Fund for the period August 1, 2018 through May 31, 2020, as disclosed in a file review which took place on June 12, 2020 (Exhibit B).

6. The audit disclosed $27,777.63 due the Pension Fund and $32,810.99 due the Welfare Fund for a total of $60,588.62.

WHEREFORE, Plaintiffs pray:

A. This court enter judgment in favor of the Plaintiffs and against LEO'S HAULING, INC., an Illinois corporation in the amount of the audit, $60,588.62.

B. That this court award the plaintiffs their attorneys' fees, costs, interest, and liquidated damages pursuant to 29 U.S.C. 1132(g)(2) and the relevant collective bargaining agreements and trust agreements.

C. That the Court grant such further relief as is proper.

TRUSTEES OF THE SUBURBAN TEAMSTERS
OF NORTHERN ILLINOIS WELFARE AND
PENSION FUNDS

By: _____
　　　　　　One of Its Attorneys

John J. Toomey
ARNOLD AND KADJAN, LLP
35 E. Wacker Drive
Suite 600
Chicago, Illinois 60601
(312) 236-0415

4

# EXHIBIT A

# ORIGINAL

THE

AREA WIDE MATERIAL HAULING AGREEMENT

BETWEEN

TEAMSTERS LOCAL 673

_LEO'S Hauling, Inc._

EFFECTIVE JUNE 1, 2015 THROUGH MAY 31, 2019



1

9.7 AN EMPLOYEE'S PAY SHALL START AT WHATEVER TIME THE EMPLOYEE REPORTS FOR WORK AS INSTRUCTED BY THE EMPLOYER, OR AS PROVIDED FOR IN ARTICLE 14.3 AND SHALL NOT STOP UNTIL HIS TRUCK IS THROUGH WORK, INCLUDING FILLING WITH GASOLINE AND OIL IF REQUESTED BY THE EMPLOYER.

9.8 ALL EMPLOYEES SHALL BE PAID WEEKLY AND NO MORE THAN FIVE (5) DAYS SHALL BE WITHHELD. EMPLOYEE'S PAYCHECK TO BE READY FOR HIM NOT LATER THAN QUITTING TIME ON DESIGNATED PAYDAY.

9.9 THE EMPLOYERS SHALL LIST ON EACH EMPLOYEE'S CHECK STUB THE AMOUNT OF STRAIGHT TIME HOURS AND THE AMOUNT OF OVERTIME HOURS AS WELL AS ALL DEDUCTIONS FROM THE EMPLOYEES CHECK.

9.10 AN EMPLOYEE WHO WAS INJURED ON THE JOB, AND IS SENT HOME, OR TO A HOSPITAL OR WHO MUST OBTAIN MEDICAL ATTENTION, SHALL RECEIVE PAY AT THE APPLICABLE HOURLY RATE FOR THE BALANCE OF HIS REGULAR STRAIGHT TIME SHIFT ON THAT DAY. AN EMPLOYEE WHO HAS RETURNED TO HIS REGULAR DUTIES AFTER SUSTAINING A COMPENSABLE INJURY WHO IS REQUIRED BY THE EMPLOYER'S DOCTOR TO RECEIVE ADDITIONAL MEDICAL TREATMENT DURING HIS REGULARLY SCHEDULED WORKING HOURS SHALL RECEIVE HIS REGULAR HOURLY RATE OF PAY FOR THE STRAIGHT TIME HOURS LOST FROM WORK.

9.11 PREVAILING WAGE RATE: THE EMPLOYER AGREES THT ON ANY STATE, FEDERAL, OR MUNICIPAL PROJECT REQUIRING THE PAYMENT OF THE PREVAILING AREA STANDARD WAGE, THE EMPLOYER SHALL BE BOUND TO PAY THE STATE CERTIFIED PREVAILING RATE FOR WAGES AND FRINGE BENEFITS AND MAY RELY UPON THE CONTRACT RATES ONLY IF THE TOTAL PACKAGE REGARDING WAGES, WELFARE AND PENSION ARE GREATER THAN THE CERTIFIED PREVAILING RATE FOR WORK OF LIKE NATURE PERFORMED IN THIS LOCALE.

## ARTICLE 10
## HEALTH AND WELFARE

10.1 (A) COMMENCING WITH JUNE 1, 2015, THE EMPLOYER SHALL PAY THE APPLICABLE RATE PER WEEK FOR EACH REGULAR EMPLOYEE COVERED BY THIS AGREEMENT WHO PERFORMS ANY WORK IN SUCH WEEK INTO A TRUST FUND SET UP BY THE TRUST AGREEMENT NOW IN EFFECT IN THE AFOREMENTIONED UNION LOCAL FOR THE PAYMENT OF HEALTH AND WELFARE BENEFITS AS DETERMINED BY A BOARD OF TRUSTEES.

EFFECTIVE: 1/1/15   $315.00 PER WEEK PER EMPLOYEE

6/1/2016 $1.49 (TBA) H/W, Pension, Wage    $330.00 PER WEEK
6/1/2017 $1.42 (TBA) H/W, Pension, Wage    $347.00 PER WEEK
6/1/2018 $1.46 (TBA) H/W, Pension, Wage

20

FROM DECEMBER 1ST THROUGH APRIL 1ST OF EACH YEAR, THE COMPANY MUST PAY THE APPLICABLE WEEKLY HEALTH & WELFARE BENEFIT FOR ANY EMPLOYEE WHO PERFORMS ANY WORK ON ANY TWO (2) DAYS IN A WORK WEEK.

IT IS AGREED THAT THE ABOVE DISTRIBUTION OF THE WAGES, HEALTH AND WELFARE AND PENSION CONTRIBUTIONS MAY BE MODIFIED IF NECESSARY TO MAINTAIN APPROPRIATE HEALTH AND WELFARE AND PENSION COVERAGE. SUCH NOTIFICATION OF MODIFICATIONS SHALL BE GIVEN THIRTY (30) DAYS PRIOR TO THE EFFECTIVE DATE OF THE INCREASES.

10.1 (B) ANY DISAGREEMENT WITH RESPECT TO THE ELIGIBILITY, TIME AND METHOD OF PAYMENTS, PAYMENTS DURING PERIODS OF EMPLOYEE ILLNESS OR DISABILITY, METHOD OF ENFORCEMENT OF PAYMENT AND RELATED MATTERS SHALL BE DETERMINED BY SUCH TRUSTEES. THE FUND SHALL IN ALL RESPECTS BE ADMINISTERED IN ACCORDANCE WITH THE TRUST AGREEMENT. THE METHOD AND AMOUNT OF PAYMENT SHALL BE AS FOLLOWS:

THE AMOUNT IN EFFECT, PER EMPLOYEE PER WEEK SHALL BE CONTRIBUTED FOR EACH REGULAR EMPLOYEE OTHER THAN CASUAL OR EMERGENCY EMPLOYEES, COVERED UNDER THE COLLECTIVE BARGAINING AGREEMENT FOR ANY WEEK IN WHICH SUCH EMPLOYEE PERFORMS ANY SERVICE FOR THE EMPLOYER.

10.1 (C) PAYMENT SHALL BE MADE ON CASUAL OR EMERGENCY EMPLOYEES WHO ARE DEFINED FOR THIS PURPOSE ONLY AS EMPLOYEES WHO ARE NOT REGULARLY SCHEDULED EMPLOYEES AND SUCH PAYMENT SHALL BE MADE FOR THE DAYS ACTUALLY WORKED AT THE RATE OF 1/5TH OF THE WEEKLY RATE PER DAY WORKED.

10.1 (D) IF ANY REGULAR EMPLOYEE IS ABSENT BECAUSE OF NON-OCCUPATIONAL ILLNESS OR INJURY, THE EMPLOYER SHALL CONTINUE TO MAKE THE REQUIRED CONTRIBUTION FOR A PERIOD OF FOUR (4) WEEKS.

10.1 (E) IF ANY REGULAR EMPLOYEE IS ABSENT BECAUSE OF OCCUPATIONAL ILLNESS OR INJURY, THE REQUIRED CONTRIBUTION SHALL BE MADE UNTIL THE EMPLOYEE RETURNS TO WORK, OR FOR A PERIOD OF TWELVE (12) MONTHS, WHICHEVER IS THE SHORTER.

10.1 (F) THE OBLIGATION TO MAKE THE ABOVE CONTRIBUTIONS SHALL CONTINUE DURING PERIODS WHEN THE COLLECTIVE BARGAINING AGREEMENT IS BEING NEGOTIATED, EXCEPT DURING A STRIKE.

10.1 (G) THE EMPLOYER AGREES THAT IT IS BOUND BY AND IS A PARTY TO THE TRUST AGREEMENT CREATING THE HEALTH AND WELFARE FUND AND THE PENSION FUND, AND ALL PRIOR AND SUBSEQUENT AMENDMENTS THERETO, AS IF IT HAD SIGNED THE ORIGINAL COPY OF EACH OF THE SAID TRUST AGREEMENTS, BOTH OF WHICH SAID AGREEMENTS BEING INCORPORATED HEREIN

BY REFERENCE AND MADE A PART HEREOF; THE EMPLOYER HEREBY DESIGNATES AS ITS REPRESENTATIVES ON THE BOARD OF TRUSTEES OF SAID FUNDS SUCH TRUSTEES AS ARE NAMED IN SAID AGREEMENTS AND DECLARATIONS OF TRUST, AS EMPLOYER TRUSTEES, TOGETHER WITH THEIR SUCCESSORS SELECTED IN THE MANNER PROVIDED IN SAID AGREEMENTS AND DECLARATIONS OF TRUST, AS THEY MAY BE AMENDED FROM TIME TO TIME; AND FURTHER AGREES TO BE BOUND BY ALL ACTION TAKEN BY SAID EMPLOYER TRUSTEES REGARDING AND PURSUANT TO THE SAID AGREEMENTS AND DECLARATIONS OF TRUST AS AMENDED FROM TIME TO TIME.

10.1 (H) **PENALTY FOR FAILURE TO PAY OR DELINQUENT PAYMENT FOR HEALTH AND WELFARE.** THE EMPLOYER RECOGNIZES THE NECESSITY OF MAKING PROMPT HEALTH AND WELFARE CONTRIBUTIONS. THE POSSIBILITY THAT EMPLOYEES BENEFIT STANDING WILL BE PLACED IN JEOPARDY IF CONTRIBUTIONS ARE NOT TIMELY MADE AND THE CONCERN OF THE UNION THAT ALL ELIGIBLE EMPLOYEES ARE COVERED BY SUCH CONTRIBUTIONS.

WHENEVER THE UNION IN ITS SOLE DISCRETION DETERMINES THAT THE EMPLOYER IS DELINQUENT IN MAKING PAYMENT OF UNPAID WAGES, UNION DUES DEDUCTED IN ACCORDANCE WITH CHECK-OFF BILLING AND PAYMENTS TO THE HEALTH AND WELFARE FUND AND/OR THE SEVERANCE TRUST FUND, AS REQUIRED UNDER THIS AGREEMENT OR THE RULES AND REGULATIONS OF THE RESPECTIVE FUNDS, THEN THE UNION MAY STRIKE THE EMPLOYER TO ENFORCE SUCH PAYMENT. THIS PROVISION SHALL NOT BE SUBJECT TO AND IS SPECIFICALLY EXCLUDED FROM THE GRIEVANCE PROCEDURE. THE EMPLOYER SHALL BE RESPONSIBLE FOR ANY LOSS OF ANY HEALTH AND WELFARE OR SEVERANCE BENEFITS RESULTING THEREBY AND REIMBURSEMENT FOR ALL WAGES LOST BECAUSE OF ANY ACTION TAKEN BY THE UNION. ADDITIONALLY, IN THE EVENT THE EMPLOYER HAS BEEN FOUND TO BE DELINQUENT, THE EMPLOYER SHALL BE REQUIRED TO PAY IN AN ADDITION TO THE ACTUAL DELINQUENCY, 10% IF THE DELINQUENT AMOUNT AS LIQUIDATED DAMAGES, AND ACCOUNTANT AND ATTORNEY FEES AND COURT COSTS.

10.1 (I) A CALENDAR WEEK IS SUNDAY THROUGH SATURDAY.

THE EMPLOYER AND THE UNION AGREE THAT THE CONTRIBUTION AMOUNTS SET FORTH ABOVE ARE INTENDED TO COVER THE COST OF BENEFITS PROVIDED BY THE WELFARE FUND, AS WELL AS THE EMPLOYER PORTION OF ANY PAYROLL OR OTHER TAXES THAT MAY BECOME DUE AS A RESULT OF THE PAYMENT OF BENEFITS.

10.1 (J) **BENEFIT CALCULATION RE-OPENER.** IT IS AGREED BETWEEN THE PARTIES, THAT IF DURING THE LIFE OF THIS AGREEMENT THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND/OR PENSION FUND(S), UPON ADVICE OF THEIR ACTUARIES, CHANGE THE METHOD OR FORMULA OR FUNDING OF CONTRIBUTIONS FROM THE PRESENT WEEKS WORKED TO HOURS WORKED, THEN UPON SEVEN (7) DAYS WRITTEN NOTICE BY THE UNION TO THE EMPLOYERS OR THE ASSOCIATION, THE WELFARE AND/OR PENSION ARTICLES

22

OF THIS AGREEMENT, AND NO OTHERS, SHALL BE RE-OPENED TO NEGOTIATE AN HOURLY BENEFIT CONTRIBUTION IN AN AMOUNT DETERMINED BY THE ACTUARY NECESSARY TO FUND THE PLAN(S) AT ITS/THEIR CURRENT LEVEL OF BENEFITS.

IN THE EVENT OF IMPASSE, THE LEVELS OF CONTRIBUTIONS BASED ON WEEKS WORKED AS SET FORTH IN THIS AGREEMENT SHALL REMAIN IN FORCE FOR THE REMAINING LIFE OF THE CONTRACT.

**10.1 (K) SURETY BOND:** IF THE EMPLOYER IS FOUND TO BE IN VIOLATION OF THE WAGE AND BENEFIT CONTRIBUTION RATES AS PROVIDED BY THE AGREEMENT, SAME SHALL DEPOSIT WITH THE OFFICE OF THE UNION OR TRUST, AS APPLICABLE, A SURETY BOND TO GUARANTEE THE PAYMENT OF SUCH WAGE AND BENEFIT CONTRIBUTIONS. THE AMOUNT OF THE BOND SHALL BE $50,000. DETERMINATION OF THE DELINQUENCY SHALL BE MADE BY THE OFFICE OF THE UNION. THE UNION SHALL PROVIDE WRITTEN NOTICE TO THE EMPLOYER OF ANY DELINQUENCY IN WAGES OR FRINGE BENEFIT CONTRIBUTIONS AS DEFINED HEREIN.

**HEALTH AND WELFARE OPENERS**

It is agreed that if the Health and Welfare increases on 1/1/2016, it shall be funded early by the 6/1/2016 allocation.

## ARTICLE 11
## PENSION FUND

**11.1 (A)** COMMENCING WITH JUNE 1, 2015, THE EMPLOYER SHALL PAY THE APPLICABLE RATE PER WEEK PER EMPLOYEE INTO A TRUST FUND FOR THE PURPOSE OF PROVIDING PENSION BENEFITS TO EMPLOYEES COVERED BY THIS AGREEMENT.

EFFECTIVE: 6/1/15   $202.00 (BASE RATE) PER WEEK PER EMPLOYEE

Pension rate $257.81 (6/1/15)

6/1/2016 $1.49 (TBA) H/W, Pension, Wage   $271.53 PER WEEK
6/1/2017 $1.42 (TBA) H/W, Pension, Wage   $284.20 PER WEEK
6/1/2018 $1.46 (TBA) H/W, Pension, Wage

IT IS AGREED THAT THE ABOVE DISTRIBUTION OF THE WAGES, HEALTH AND WELFARE AND PENSION CONTRIBUTIONS MAY BE MODIFIED IF NECESSARY TO MAINTAIN APPROPRIATE HEALTH AND WELFARE AND PENSION COVERAGE. SUCH NOTIFICATION OF MODIFICATIONS SHALL BE GIVEN THIRTY (30) DAYS PRIOR TO THE EFFECTIVE DATE OF THE INCREASES.

PENSION RATES ARE ALL INCLUSIVE OF ANY PPA CHARGES.

23

11.1 (B) THE PENSION FUND SHALL BE ADMINISTERED BY A BOARD OF TRUSTEES AND IN ALL RESPECTS IN ACCORDANCE WITH THE TRUST AGREEMENT. ANY DISAGREEMENT WITH RESPECT TO THE ELIGIBILITY, TIME AND METHOD OF PAYMENTS, PAYMENTS DURING PERIODS OF EMPLOYEE ILLNESS OR DISABILITY, METHOD OF ENFORCEMENT OF PAYMENT AND RELATED MATTERS SHALL BE DETERMINED BY SUCH TRUSTEES. THE METHOD AND AMOUNT OF PAYMENT SHALL BE AS FOLLOWS:

11.1 (C) A CALENDAR WEEK IS SUNDAY THROUGH SATURDAY. STARTING WITH THE FIRST WORKED DAY OF THE WEEK, THE EMPLOYER WILL PAY 25% OF THE WEEKLY CONTRIBUTION RATE TO THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND FOR EACH DAY THE EMPLOYEE WORKED, WITH A CAP OF FOUR (4) DAYS.

11.1 (D) IF ANY REGULAR EMPLOYEE IS ABSENT BECAUSE OF NON-OCCUPATIONAL ILLNESS OR INJURY, THE EMPLOYER SHALL CONTINUE TO MAKE REQUIRED CONTRIBUTIONS FOR A PERIOD OF FOUR (4) WEEKS AT THE APPLICABLE RATE PER WEEK PER MEMBER IN EFFECT.

11.1 (E) IF ANY REGULAR EMPLOYEE IS ABSENT BECAUSE OF OCCUPATIONAL ILLNESS OR INJURY, THE REQUIRED CONTRIBUTION SHALL BE MADE UNTIL THE EMPLOYEE RETURNS TO WORK, OR FOR A PERIOD OF TWELVE (12) MONTHS, WHICHEVER IS THE SHORTER.

11.1 (F) THE OBLIGATION TO MAKE THE ABOVE CONTRIBUTIONS SHALL CONTINUE DURING PERIODS WHEN THE COLLECTIVE BARGAINING AGREEMENT IS BEING NEGOTIATED, EXCEPT DURING A STRIKE.

11.1 (G) THE EMPLOYER AGREES THAT IT IS BOUND BY AND IS A PARTY TO THE TRUST AGREEMENT CREATING THE PENSION FUND, AND ALL PRIOR AND SUBSEQUENT AMENDMENTS THERETO, AS IF IT HAD SIGNED THE ORIGINAL COPY OF THE SAID TRUST AGREEMENT, SAID AGREEMENT BEING INCORPORATED HEREIN BY REFERENCE AND MADE A PART HEREOF, THE EMPLOYER HEREBY DESIGNATES AS ITS REPRESENTATIVES ON THE BOARD OF TRUSTEES OF SAID FUND SUCH TRUSTEES AS ARE NAMED IN SAID AGREEMENT AND DECLARATION OF TRUST, AS EMPLOYER TRUSTEES, TOGETHER WITH THEIR SUCCESSORS SELECTED IN THE MANNER PROVIDED IN SAID AGREEMENT AND DECLARATION OF TRUST, AS IT MAY BE AMENDED FROM TIME TO TIME; AND FURTHER AGREES TO BE BOUND BY ALL ACTION TAKEN BY SAID EMPLOYER TRUSTEES REGARDING AND PURSUANT TO THE SAID AGREEMENT AND DECLARATION OF TRUST AS AMENDED FROM TIME TO TIME, PROVIDED THAT THE EMPLOYER DOES NOT WAIVE BUT RETAINS IN FULL MEASURE THE SAME RIGHT TO CHALLENGE ON CONSTITUTIONAL OR LEGAL GROUNDS ANY ASSESSMENT OR WITHDRAWAL LIABILITY THAT IT HAD UPON THE DATE OF ENACTMENT OF THE MULTI-EMPLOYER PENSION PLAN AMENDMENTS ACT OF 1980.

11.1 (H) PENALTY FOR FAILURE TO PAY OR DELINQUENT PAYMENT TO THE

PENSION FUND: THE EMPLOYER RECOGNIZES THE NECESSITY OF MAKING PROMPT PENSION CONTRIBUTIONS, THE POSSIBILITY THAT EMPLOYEES BENEFIT STANDING WILL BE PLACED IN JEOPARDY IF CONTRIBUTIONS ARE NOT TIMELY MADE, AND THE CONCERN OF THE UNION THAT ALL ELIGIBLE EMPLOYEES ARE COVERED BY SUCH CONTRIBUTIONS.

WHENEVER THE UNION IN ITS SOLE DISCRETION DETERMINES THAT THE EMPLOYER IS DELINQUENT IN MAKING PAYMENT OF UNPAID WAGES, UNION DUES DEDUCTED IN ACCORDANCE WITH CHECK-OFF BILLING AND PAYMENTS TO THE HEALTH AND WELFARE FUND AND/OR THE SEVERANCE TRUST FUND, AS REQUIRED UNDER THIS AGREEMENT OR THE RULES AND REGULATIONS OF THE RESPECTIVE FUNDS, THEN THE UNION MAY STRIKE THE EMPLOYER TO ENFORCE SUCH PAYMENT. THIS PROVISION SHALL NOT BE SUBJECT TO AND IS SPECIFICALLY EXCLUDED FROM THE GRIEVANCE PROCEDURE. THE EMPLOYER SHALL BE RESPONSIBLE FOR ANY LOSS OF ANY HEALTH AND WELFARE OR SEVERANCE BENEFITS RESULTING THEREBY AND REIMBURSEMENT FOR ALL WAGES LOST BECAUSE OF ANY ACTION TAKEN BY THE UNION. IF AN EMPLOYER FAILS TO PAY ANY CONTRIBUTIONS DUE IN ACCORDANCE WITH THIS ARTICLE, THE TRUSTEES OF THE PENSION FUND MAY ASSESS THE EMPLOYER A PENALTY OF 10% OF THE CONTRIBUTIONS DUE AS LIQUIDATED DAMAGES IN ADDITION TO ALL REASONABLE ATTORNEY FEES, ACCOUNTANT FEES AND COST OF COLLECTION.

11.1 (J) SURETY BOND: IF THE EMPLOYER IS FOUND TO BE IN VIOLATION OF THE WAGE AND BENEFIT CONTRIBUTION RATES AS PROVIDED BY THE AGREEMENT, SAME SHALL DEPOSIT WITH THE OFFICE OF THE UNION OR TRUST, AS APPLICABLE, A SURETY BOND TO GUARANTEE THE PAYMENT OF SUCH WAGE AND BENEFIT CONTRIBUTIONS. THE AMOUNT OF THE BOND SHALL BE $50,000. DETERMINATION OF THE DELINQUENCY SHALL BE MADE BY THE OFFICE OF THE UNION. THE UNION SHALL PROVIDE WRITTEN NOTICE TO THE EMPLOYER OF ANY DELINQUENCY IN WAGES OR FRINGE BENEFIT CONTRIBUTIONS AS DEFINED HEREIN.

11.1 (K) TEAMSTERS NATIONAL 401(K) PLAN: THE EMPLOYER AGREES TO DEDUCT FROM THE EMPLOYEES REGULAR PAYCHECK AND FORWARD TO THE TEAMSTERS NATIONAL 401(K) SAVINGS PROGRAM SUCH SUMS (EQUIVALENT TO OR GREATER THAN THE AMOUNTS SPECIFIED IN ARTICLE 10 - HEALTH AND WELFARE FUND AND ARTICLE 11 - PENSION FUND) AS THE EMPLOYEE MAY AUTHORIZE IN WRITING. THE UNION AND THE EMPLOYEES RECOGNIZE AND AGREE THAT THE EMPLOYER IS NOT REQUIRED TO MAKE ANY CONTRIBUTIONS TO SUCH PROGRAM, AND IS NOT A SPONSOR, DIRECTOR, TRUSTEE OR OTHER FIDUCIARY OF SUCH PROGRAM AND HAS NO INVOLVEMENT IN THE ADMINISTRATION OF SUCH PROGRAM.

11.1 (L) THE UNION AND THE EMPLOYEES SHALL INDEMNIFY THE EMPLOYER AND HOLD IT HARMLESS AGAINST ANY AND ALL CLAIMS, DEMANDS, SUITS, TAX CONSEQUENCES OR OTHER FORMS OF LIABILITY THAT SHALL ARISE OUT OF, OR BY REASON OF, ANY ACTION TAKEN OR NOT TAKEN BY THE EMPLOYER

FOR THE PURPOSE OF COMPLYING WITH THIS SECTION OR IN RELIANCE ON ANY AUTHORIZATION OR NOTICE GIVEN TO THE EMPLOYER BY THE UNION OR EMPLOYEE REGARDING THE EMPLOYEES PARTICIPATION IN THE PROGRAM AND THE AMOUNT OF ANY DEDUCTION MADE PURSUANT TO SUCH PARTICIPATION.

11.1 (M) THE EMPLOYER ACCEPTS THE REHABILITATION PLAN OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND EFFECTIVE JANUARY 1, 2011 AND AGREES TO CONTRIBUTE TO THE PENSION FUND UNDER THE PREFERRED SCHEDULE THROUGH THE REMAINDER OF THIS AGREEMENT.

ARTICLE 12

CHECK-OFF

12.1 UPON RECEIPT OF A WRITTEN AUTHORIZATION FROM THE EMPLOYEE ON A FORM PROVIDED BY THE UNION, THE EMPLOYER AGREES TO DEDUCT INITIATION FEES AND RE-INITIATION FEES AND MONTHLY UNION DUES FROM THE PAY OF EACH SUCH EMPLOYEE IN THE AMOUNT AND MANNER PRESCRIBED BY THE UNION IN ACCORDANCE WITH ITS CONSTITUTION AND BY-LAWS AND SHALL REMIT SAME TO THE UNION WITHIN TEN (10) DAYS FROM ITS COLLECTION.

12.2 THE UNION SHALL INDEMNIFY, DEFEND AND SAVE THE COMPANY HARMLESS AGAINST ANY AND ALL CLAIMS, DEMANDS, SUITS OR OTHER FORMS OF LIABILITY THAT SHALL ARISE OUT OF OR BY REASONS OF ACTION TAKEN, OR NOT TAKEN, BY THE COMPANY FOR THE PURPOSE OF COMPLYING WITH ANY PROVISIONS OF THIS ARTICLE ON RELIANCE UPON ANY LISTS, NOTICES, OR ASSIGNMENTS FURNISHED UNDER THIS ARTICLE.

ARTICLE 13
D.R.I.V.E. AUTHORIZATION AND DEDUCTION

13.1 UPON RECEIPT OF A WRITTEN AUTHORIZATION FROM THE EMPLOYEE, THE EMPLOYER AGREES TO DEDUCT FROM THE EMPLOYEES PAYCHECK VOLUNTARY CONTRIBUTIONS TO DEMOCRAT REPUBLIC INDEPENDENT VOTER EDUCATION (D.R.I.V.E.). D.R.I.V.E. SHALL NOTIFY THE EMPLOYER OF THE AMOUNTS DESIGNATED BY EACH EMPLOYEE THAT ARE TO BE DEDUCTED FROM HIS/HER PAYCHECK ON A WEEKLY BASIS FOR ALL WEEKS WORKED. THE PHRASE WEEKS WORKED EXCLUDES ANY WEEK OTHER THAN A WEEK IN WHICH THE EMPLOYEE EARNED A WAGE. THE EMPLOYER SHALL TRANSMIT TO D.R.I.V.E. NATIONAL HEADQUARTERS ON A MONTHLY BASIS, IN ONE (1) CHECK, THE TOTAL AMOUNT DEDUCTED ALONG WITH THE NAME OF EACH EMPLOYEE ON WHOSE BEHALF A DEDUCTION WAS MADE, THE EMPLOYEE'S SOCIAL SECURITY NUMBER, AND THE AMOUNT DEDUCTED FROM THE EMPLOYEE'S PAYCHECK. D.R.I.V.E. AGREES TO INDEMNIFY THE EMPLOYER AND HOLD IT HARMLESS AGAINST ANY AND ALL SUITS, CLAIMS DEMANDS, AND OTHER LIABILITY FOR DAMAGES, PENALTIES, OR BACK PAY THAT MAY ARISE OUT OF, OR RESULTING FROM THE

THE TERMS AND CONDITIONS OF SAID TRAINING FUND.

## ARTICLE 39
### DURATION AND TERMINATION

39.1 THIS AGREEMENT SHALL BECOME EFFECTIVE ON JUNE 1, 2015 AND SHALL REMAIN IN FULL FORCE AND EFFECT UNTIL AND INCLUDING MAY 31, 2019. AFTER MAY 31, 2019, THIS AGREEMENT SHALL BE RENEWED AUTOMATICALLY FOR PERIODS OF ONE (1) YEAR UNLESS EITHER THE EMPLOYER OR THE UNION GIVES WRITTEN NOTICE TO THE OTHER OF A DESIRE TO MODIFY, AMEND OR TERMINATE SAME AT LEAST SIXTY (60) DAYS PRIOR TO THE EXPIRATION OF ANY SUCH PERIOD.

THE COMPANY AND THE UNION AGREE TO MEET FOR NEGOTIATIONS OF DRUG LANGUAGE, TO BE ATTACHED TO THIS AGREEMENT.

IN WITNESS WHEREOF THE PARTIES HAVE HEREUNTO SET THEIR HANDS THIS __1st__ DAY OF __April__, __2018__.

FOR THE EMPLOYER:

_（signature）_
SIGNATURE
President
TITLE
418 North Park Ave
ADDRESS
Aurora, IL 60506

630-853-2077
PHONE #

FOR THE UNION:

_（signature）_
TIMOTHY L. CUSTER
SECRETARY-TREASURER &
PRINCIPAL OFFICER
TEAMSTERS LOCAL 673
1050 W. ROOSEVELT RD.
WEST CHICAGO, IL 60185
630) 231-6660

# EXHIBIT B

**Employer Name:** Leo's Hauling Inc.
**Address:** 418 North Park Avenue / Aurora, IL 60505
**ER#** 5407
**LOCAL:** 673

**Phone:** (630) 853-2077
**Contact:** Carlos Hernandez
**Review Date:** 06/12/2020
**REVISED:** 07/17/2020
**Period Covered:** April 2018 - April 2020

| Name | Soc Sec No | Work Month | Welfare Weeks/Hrs | Pension Weeks | Weekly/Hrly Welfare Rate | Weekly Pension Rate | Amount Due Welfare | Amount Due Pension |
|---|---|---|---|---|---|---|---|---|
| Hernandez Juan C. | 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 | Aug-18 | 4.00 | 4.00 | $ 363.00 | $ 300.20 | $ 1,452.00 | $ 1,200.80 |
| Salgado Jesus | 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 | Aug-18 | 4.00 | 4.00 | $ 363.00 | $ 300.20 | $ 1,452.00 | $ 1,200.80 |
| Hernandez Juan C. | 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 | Sep-18 | 5.00 | 5.00 | $ 363.00 | $ 300.20 | $ 1,815.00 | $ 1,501.00 |
| Salgado Jesus | 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 | Sep-18 | 5.00 | 5.00 | $ 363.00 | $ 300.20 | $ 1,815.00 | $ 1,501.00 |
| Hernandez Juan C. | 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 | Oct-18 | 4.00 | 4.00 | $ 363.00 | $ 300.20 | $ 1,452.00 | $ 1,200.80 |
| Salgado Jesus | 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 | Oct-18 | 4.00 | 4.00 | $ 363.00 | $ 300.20 | $ 1,452.00 | $ 1,200.80 |
| Hernandez Juan C. | 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 | Dec-18 | 5.00 | 5.00 | $ 363.00 | $ 300.20 | $ 1,815.00 | $ 1,501.00 |
| Salgado Jesus | 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 | Dec-18 | 5.00 | 5.00 | $ 363.00 | $ 300.20 | $ 1,815.00 | $ 1,501.00 |
| Hernandez Juan C. | 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 | Jun-19 | 5.00 | 5.00 | $ 379.00 | $ 316.20 | $ 1,895.00 | $ 1,581.00 |
| Hernandez Juan C. | 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 | Jul-19 | 4.00 | 4.00 | $ 379.00 | $ 316.20 | $ 1,516.00 | $ 1,264.80 |
| Hernandez Juan C. | 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 | Aug-19 | 5.00 | 5.00 | $ 379.00 | $ 316.20 | $ 1,895.00 | $ 1,581.00 |
| Hernandez Juan C. | 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 | Sep-19 | 4.00 | 4.00 | $ 379.00 | $ 316.20 | $ 1,516.00 | $ 1,264.80 |
| Hernandez Juan C. | 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 | Oct-19 | 4.00 | 4.00 | $ 379.00 | $ 316.20 | $ 1,516.00 | $ 1,264.80 |
| Hernandez Juan C. | 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 | Nov-19 | 5.00 | 5.00 | $ 379.00 | $ 316.20 | $ 1,895.00 | $ 1,581.00 |
| Hernandez Juan C. | 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 | Dec-19 | 4.00 | 4.00 | $ 379.00 | $ 316.20 | $ 1,516.00 | $ 1,264.80 |
| Hernandez Juan C. | 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 | Apr-20 | 4.00 | 4.00 | $ 379.00 | $ 316.20 | $ 1,516.00 | $ 1,264.80 |
| Hernandez Juan C. | 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 | May-20 | 5.00 | 5.00 | $ 379.00 | $ 316.20 | $ 1,895.00 | $ 1,581.00 |

**Total UNPAID Contributions:** $ 28,228.00   $ 23,455.20

**Liquidated Damages 10% UNPAID Contributions over 1 mo. Late ):** $ 2,822.80   $ 2,345.52

Late Payment Interest .5% per mo. on UNPAID Contributions:

| Work Month | Amount Due Welfare | % Int. | Int. Due Welfare | Amount Due Pension | % Int. | Int. Due Pension |
|---|---|---|---|---|---|---|
| Aug-18 | $ 2,904.00 | 10.50% | $ 304.92 | $ 3,602.40 | 10.50% | $ 378.25 |
| Sep-18 | $ 3,630.00 | 10.00% | $ 363.00 | $ 4,503.00 | 10.00% | $ 450.30 |
| Oct-18 | $ 2,904.00 | 9.50% | $ 275.88 | $ 3,602.40 | 9.50% | $ 342.23 |
| Dec-18 | $ 3,630.00 | 8.50% | $ 308.55 | $ 4,503.00 | 8.50% | $ 382.76 |
| Jun-19 | $ 1,895.00 | 5.50% | $ 104.23 | $ 1,581.00 | 5.50% | $ 86.96 |
| Jul-19 | $ 1,516.00 | 5.00% | $ 75.80 | $ 1,264.80 | 5.00% | $ 63.24 |
| Aug-19 | $ 1,895.00 | 4.50% | $ 85.28 | $ 1,581.00 | 4.50% | $ 71.15 |
| Sep-19 | $ 1,516.00 | 4.00% | $ 60.64 | $ 1,264.80 | 4.00% | $ 50.59 |
| Oct-19 | $ 1,516.00 | 3.50% | $ 53.06 | $ 1,264.80 | 3.50% | $ 44.27 |
| Nov-19 | $ 1,895.00 | 3.00% | $ 56.85 | $ 1,581.00 | 3.00% | $ 47.43 |
| Dec-19 | $ 1,516.00 | 2.50% | $ 37.90 | $ 1,264.80 | 2.50% | $ 31.62 |
| Apr-20 | $ 1,516.00 | 0.50% | $ 7.58 | $ 1,264.80 | 0.50% | $ 6.32 |
| May-20 | $ 1,895.00 | 0.0% | $ - | $ 1,581.00 | 0.0% | $ - |

**Total Late Payment Interest Unpaid Contributions:** $ 1,733.68   $ 1,955.11

**Total Due Unpaid Contributions + Liq. Damages + Late Interest:** $ 32,784.48   $ 27,755.83

| Paid Contributions Interest and Liquidated Damages | WELFARE | PENSION |
|---|---|---|
| Apr-18 Contributions received June, 2018 | $ 8.68 | $ 7.11 |
| May-18 Contributions received July, 2018 | $ 6.94 | $ 5.68 |
| Jul-18 Contributions received September, 2018 | $ 10.89 | $ 9.01 |

**Total Late Due on Paid Contributions:** $ 26.51   $ 21.80

**TOTAL AMOUNT DUE ER # 5407** $ 32,810.99   $ 27,777.63